1  THE SEHAT LAW FIRM, PLC
   Cameron Sehat, Esq. (SBN 256535)
2  5100 Campus Drive, Suite 200
   Newport Beach, CA 92614
3  Telephone: (949) 825-5200
   Facsimile: (949) 313-5001
4  Email: cameron@sethatlaw.com

5  Attorney for Plaintiff, A.L, a minor, by and through
6  His guardian ad litem, Jenae Lewis

7              UNITED STATES DISTRICT COURT

8              EASTERN DISTRICT OF CALIFORNIA

9

10  **A.L., a minor, by and through his**    ) Case No.:
    **guardian ad litem, Jenae Lewis,**      )
11  **individually;**                        ) **COMPLAINT:**
                                             )
12                      **Plaintiff,**        ) 1. **UNREASONABLE SEARCH AND**
                                             )    **SEIZURE-EXCESSIVE FORCE (42**
13               **v.**                       )    **U.S.C. § 1983)**
                                             ) 2. *Monell*-**MUNICIPAL LIABILITY**
14                                           )    **FOR UNCONSTITUTIONAL**
    **CITY OF BAKERSFIELD, a**               )    **CUSTOM, PRACTICE, OR**
15  **Governmental Entity; MICHAEL**         )    **POLICY (42 U.S.C. § 1983)**
    **MAYORGA; and DOES 1 through 10,**      ) 3. *Monell*-**FAILURE TO TRAIN (42**
16  **inclusive,**                           )    **U.S.C. § 1983)**
                                             ) 4. **BATTERY (STATE)**
17                                           ) 5. **NEGLIGENCE (STATE)**
                     **Defendants.**          ) 6. **VIOLATION OF BANE ACT (CAL.**
18                                           )    **CIV. CODE §52.1)**
                                             )
19                                           )
                                             )
20                                           ) **DEMAND FOR JURY TRIAL**
                                             )
21                                           )
                                             )
22                                           )
                                             )
23                                           )
                                             )
24                                           )
                                             )
25                                           )
                                             )
26                                           )
                                             )
27                                           )
                                             )
28                                           )
                                             )
                                             )

COMES NOW, Plaintiff A.L., a minor, by and through his guardian ad litem, Jenae Lewis, for his Complaint against Defendant City of Bakersfield, MICHAEL MAYORGA, DOE 1, DOE 2, DOE 3, DOE 4, and DOE 5, and alleges as follows:

## **INTRODUCTION**

1.      This case challenges the unjustified assault and excessive force used against A.L., hereinafter referred to as "Plaintiff," by the City of Bakersfield and the Bakersfield Police Department, Bakersfield Police Department Officer MICHAEL MAYORGA, DOE 1, DOE 2, DOE 3, DOE 4, and DOE 5 (together as "Defendants"). At the time of the assault, Plaintiff had surrendered to Defendants and was unarmed while prone on the pavement when Defendant Officer MICHAEL MAYORGA, DOE 1, DOE 2, DOE 3, DOE 4, and DOE 5 viciously assaulted Plaintiff with their fists, elbows, feet, tasers, and batons. Defendant MICHAEL MAYORGA and Defendant DOES caused Plaintiff to suffer serious bodily injury, including facial lacerations, an orbital fracture, a maxillofacial fracture, and an acute head injury. Plaintiff also suffered multiple abrasions and contusions. See attached exhibit "A"-pictures of injuries Plaintiff was under continuous physical assault by Defendant Officer MICHAEL MAYORGA, DOE 1, DOE 2, DOE 3, DOE 4, and DOE 5. Defendants had no probable cause to believe that Plaintiff had threatened officers or was in the process of threatening anyone's life with any force whatsoever. Neither had Plaintiff committed any aggressive act at the Defendants, as claimed, to justify any type of force used against him. At no time during Plaintiff's encounter with Defendant Officer MICHAEL MAYORGA, DOE 1, DOE 2, DOE 3, DOE 4, and DOE 5 was Plaintiff resisting arrest. Plaintiff had surrendered to the Defendant officers and fully complied with all commands. Plaintiff was not posing any legitimate threat to either warrant lethal or non-lethal force to be used against him.

Defendant Officer MICHAEL MAYORGA, DOE 1, DOE 2, DOE 3, DOE 4, and DOE 5 used excessive force against Plaintiff and caused Plaintiff to suffer serious bodily injuries.

2.     The use of force against Plaintiff was unconstitutional and violated clearly established law that would have been known to any reasonable police officer.

## **PARTIES**

3.     At the time of filing the Complaint, Plaintiff, a minor, by and through his guardian Jenae Lewis, was a resident of the County of Kern, California.

4.     Plaintiff was sixteen years of age at the time of the incident on November 14, 2022. Plaintiff was diminutive in size, weighing approximately one hundred and thirty-nine pounds while standing five feet and six inches tall.

5.     At all relevant times, Defendant City of Bakersfield ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California. At all relevant times, CITY was the employer of Defendants DOES 1 through 5 ("DOE OFFICERS"), who were City of Bakersfield police officers. At all relevant times, MICHAEL MAYORGA was an officer with the Bakersfield Police Department.

6.     At all relevant times, Defendants DOES 1 through 5 were duly authorized employees and agents of the CITY, who were acting under color of law within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, Defendant CITY.

7.     At all times relevant, Defendants DOES 1 through 5 were duly appointed officers and/or employees or agents of CITY, subject to oversight and supervision by CITY'S elected and non-elected officials.

8.     At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and

supervise the hiring, conduct and employment of each and every Defendant herein.

9.    The true names of Defendants DOES 1 through 5 are unknown to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these Defendants when they have been ascertained. Each of the fictitious named Defendants is responsible in some manner for the conduct and liabilities alleged herein.

10.    In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1 through 5 were acting on the implied and actual permission and consent of CITY.

## JURISDICTION AND VENUE

11.    This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, the Fourth and Fourteenth Amendments of the United States Constitution, as well as by California State laws.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

12.    Venue is proper in this Court under 28 U.S.C. § 1391(b), because Plaintiff and Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the City of Bakersfield, Kern County, within the Eastern District of California.

13.    Pursuant to California Government Code § 910 et seq., a government Tort Claim was forwarded to the City of Bakersfield on March 20, 2023. This tort claim was rejected the City of Bakersfield on March 29, 2023. Accordingly, Plaintiff filed the present lawsuit.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

14.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 13 of this Complaint with the same force and effect as if fully set forth herein.

15.    On or about November 14, 2022, and November 15, 2022, at approximately 12 p.m., Plaintiff was pulled over by Bakersfield Police Department officers after Plaintiff had entered his friend's automobile.

16.    As Plaintiff exits his vehicle, he becomes anxious and attempts to back away out of a sense of fear and panic. Plaintiff is disoriented because he was asked to drive his friend's automobile after entering the vehicle as a passenger.

17.    The officers exit their vehicles and immediately reach for their tasers and handguns. Out of a sense of trepidation, Plaintiff panics. Plaintiff fears for his life given the officers' show of force, and Plaintiff begins to run away from the officers.

18.    As Plaintiff is running away from the officers, without warning he is tased and then tackled to the ground by Bakersfield Police Department officers. Plaintiff is pinned to the ground by Defendants MICHAEL MAYORGA and DOE 1, DOE 2, DOE 3, DOE 4, and DOE 5. Upon information and belief, Plaintiff was also struck by taser darts within the same passage of time during which he lost consciousness. At no time during Plaintiff's encounter with MICHAEL MAYORGA, Defendants DOE 1, DOE 2, DOE 3, DOE 4, and DOE 5 was Plaintiff resisting arrest.

19.    Plaintiff was unarmed, had surrendered and did not pose any objectively reasonable threat of serious bodily harm or death to the defendant officers to warrant being tased, kicked, punched, and elbowed on his head and body.

20.    At the Kern Medical Emergency Department on November 15, 2022, Plaintiff was diagnosed with laceration of the left eyebrow, laceration of the right

eyebrow, and laceration of the chin. Plaintiff also suffered fractures through the anterior and lateral walls of the right maxillary sinus, with comminution anteriorly. Plaintiff also suffered a depressed fracture of the anterior wall of the right maxillary sinus, with cortical discontinuity medially. Plaintiff suffered a nondisplaced fracture through the floor of the right orbit. Plaintiff also suffered extensive right peri orbital soft tissue swelling with air noted beneath the right eyelid. At Mercy Hospital, on November 18, 2022, Plaintiff was diagnosed with an acute head injury, an orbital fracture, and a maxillary sinus fracture. Plaintiff experienced post-concussive syndrome after the subject incident.

21.     Plaintiff was deprived of his interests protected by the Constitution or laws of the United States, and Defendants caused all such deprivations while acting under color of state law.

22.     All acts or omissions alleged to have been engaged by any individual Defendants were committed with evil motive and intent, and in callous, reckless, and wanton disregard to the individual rights of Plaintiff.

**FIRST CLAIM FOR RELIEF**
**Unreasonable Search and Seizure-**
**Excessive Force (42 U.S.C. § 1983)**
**(Against Defendants CITY, MICHAEL MAYORGA, and DOES 1-5)**

23.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 22 of this Complaint with the same force and effect as if fully set forth herein.

24.     The unreasonable use of force by Defendants, including pinning Plaintiff to the ground and striking him with their fists, feet, and elbows, deprived him of his right to be secure in his person against unreasonable searches and seizures as guaranteed to them under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

25.     Defendants DOES 1 through 5 used excessive force while

apprehending Plaintiff. DOE 1 and DOE 2 used their batons to strike Plaintiff's face and upper body repeatedly.

26.    Plaintiff was unconscious as the officers struck him on the face with their batons, fists, elbows, knees, and caused Plaintiff to suffer multiple facial lacerations and fractures.

27.    Defendants MICHAEL MAYORGA DOES 1 through 5 then grabbed Plaintiff by his arm and threw Plaintiff into the back of a Bakersfield Police Department patrol car causing Plaintiff to land on his face.

28.    All unreasonable seizures that preceded the arrest of Plaintiff constituted reckless and intentional escalations of the situation which directly led to the use of excessive force, therefore violating Plaintiff's right under the Fourth Amendment to be free from unreasonable searches and seizures.

29.    Defendant MICHAEL MAYORGA and Defendants DOES 1 through 5 are liable because they were integral participants in these violations, or failed to intervene to prevent these violations.

30.    As a result, Plaintiff suffered extreme pain and suffering, facial lacerations, facial fractures, incurred medical expenses, and future general and special damages.

31.    The conduct of Defendants MICHAEL MAYORGA and DOES 1 through 5 was willful, wanton, malicious, and done with reckless disregard for Plaintiff and Plaintiff's rights and safety and therefore warrants the imposition of exemplary and punitive damages.

## SECOND CLAIM FOR RELIEF
**Municipal Liability for Unconstitutional Custom, Practice, or Policy**
**(42 U.S.C. § 1983)**
**(Against Defendants CITY, and DOES 6 through 10)**

32.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 31 of this Complaint with the same force and effect as if fully set forth herein.

33.    On and for some time prior to November 14, 2022, (and continuing to the present date) Defendants CITY deprived Plaintiff of the rights and liberties secured to him by the Fourth Amendment to the United States Constitution, in that said Defendants and their supervising and managerial employees, agents, and representatives, acting with reckless and deliberate indifference to the rights and liberties of Plaintiff and of persons in his class, situation, and comparable position in particular, knowingly maintained, enforced and applied an official recognized county custom, policy, and practice of: acting with excessive force against arrestee's while failing to take any meaningful corrective measures despite being aware of the inherent danger in applying excessive force to a human being. The following is a list of *Monell* violations:

(a)    Falsifying police reports to justify that injuries were caused from some coincidental and unrelated event from the use of excessive force such as claiming that a suspect "fell on his own" or "was involved in a car accident".

(b) CITY failed to train its patrol staff to implement adequate policies, procedures, and customs to protect individuals from the use of excessive force.

(c) CITY failed to implement a custom, policy, and practice regarding the proper use of excessive force by officers and deputies.

(d) CITY failed to implement a custom, policy, and practice of properly assessing incidents involving excessive force so as to reduce the likelihood of future incidents involving excessive force from occurring.

(e) CITY failed to implement a custom, policy, and practice of properly documenting custodial arrests in police reports.

(f) CITY failed to implement a custom, policy, and practice of ensuring open and adequate communication with and medical care for arrestee's who suffer serious bodily injuries due to the use of excessive force by officers and deputies.

34.    By reason of the aforementioned policies and practices of Defendants and CITY, Plaintiff has suffered serious bodily injuries.

35.    Defendant CITY, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices, and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

36.    By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants CITY acted with an intentional, reckless, and callous disregard for the well-being of decedent and his constitutional as well as human rights.

37.    Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendant CITY were affirmatively linked to and were a significantly influential force behind the decedent's death.

38.    As a direct and legal result of Defendants' acts, Plaintiff has suffered damages, including, without limitation, past pain and suffering, loss of enjoyment of life, and compensatory damages. Such damages including attorneys' fees, costs of suit, and other pecuniary losses not yet ascertained. Additionally, Defendants are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

39.    Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants CITY, and Defendant DOES 1-

10 were affirmatively linked to and were a significantly influential force behind the Plaintiffs injuries.

40.    Accordingly, Defendants CITY and DOE OFFICERS each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

**THIRD CLAIM FOR RELIEF**
**Failure to Train**
**(42 U.S.C. § 1983)**
**(Against Defendants CITY, and DOES 6 through 10)**

41.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 40 of this Complaint with the same force and effect as if fully set forth herein.

42.    At all relevant times, Defendant MICHAEL MAYORGA was acting under color of state law. When MAYORGA detained and arrested Plaintiff, he exercised power possessed by virtue of state law and made possible only because MAYORGA was clothed with the authority of state law. On information and belief, Defendants CITY, MAYORGA, and DOES 6-10 failed to properly and adequately train MAYORGA, including with respect to detentions, arrests, and the use of deadly force generally.

43.    The training polices of Defendants CITY, MAYORGA, and DOES 1-5 were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including the use of deadly force.

44.    Specifically, on November 14ᵗʰ, 2022, and November 15ᵗʰ, 2022, MAYORGA was involved in an incident in which MAYORGA stood by and knowingly allowed unjustified force to be used by another deputy resulting in Plaintiff suffering serious bodily injuries.

45.    Defendants CITY and DOES 6-10 were deliberately indifferent to the obvious consequences of the failure to train City of Bakersfield deputies adequately in the proper application of physical force.

46.    The failure of Defendants CITY, MAYORGA, and DOES 6-10 to provide adequate training caused the deprivation of Plaintiff's rights. Defendants' failure to train is so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

47.    As a direct and proximate result of the aforementioned failure to train, Plaintiff suffered extreme mental and physical pain and suffering, serious bodily injury, and psychological distress.

48.    Also, as a direct and proximate result of the aforementioned failure to train, Plaintiff suffered serious physical injuries and disfigurement, past and future pain and suffering, past and future emotional distress, and past and future medical expenses.

49.    Accordingly, Defendants CITY, MAYORGA and DOES 6-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

<u>**FOURTH CLAIM FOR RELIEF**</u>
**Battery**
**(Against Defendants CITY, MICHAEL MAYORGA, and DOES 1-5)**

50.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 49 of this Complaint with the same force and effect as if fully set forth herein.

51.    Defendant MICHAEL MAYORGA and DOES 1 through 5, while working as Police Officers for the CITY Police Department, and acting within the course and scope of their duties, intentionally used force against Plaintiff, including but not limited to tasing Plaintiff, kicking Plaintiff, and punching Plaintiff. Defendant MICHAEL MAYORGA and Defendant DOES 1 through 5 had no legal justification for using force against Plaintiff, and their use of force while carrying out their police duties was unreasonable.

52.    Plaintiff suffered serious harm as a direct and proximate result of the conduct of Defendant MICHAEL MAYORGA and Defendant DOES 1 through 5 as alleged above.

53.    Defendant CITY is vicariously liable for the wrongful acts of Defendant DOES 1 through 5 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

54.    The conduct of Defendant DOES 1 through 5 was malicious, wanton, oppressive, and accomplished with a conscious disregard for Plaintiff's rights, entitling Plaintiff to an award of exemplary and punitive damages, along with general and special damages.

## FIFTH CLAIM OF RELIEF
### Negligence (G.C. §815.2)
### (Against Defendants CITY, MICHAEL MAYORGA, and DOES 1-5)

55.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 54 of this Complaint with the same force and effect as if fully set forth herein.

56.    The actions and inactions of CITY employees, including Defendant MICHAEL MAYORGA and DOES 1 through 5 were negligent and reckless, including but not limited to: (a) the failure to properly and adequately assess the need to detain, arrest, and use force against Plaintiff; (b) the failure to monitor and record any use of force by CITY Police Officers, including Defendant MICHAEL MAYORGA and Defendant DOES 1 through 5; (c) the failure to monitor and record any injuries specifically caused by the use of force by CITY police officers, including Defendant MICHAEL MAYORGA and Defendant DOES 1 through 5; (d) the negligent tactics and decisions; (e) the negligent detention, arrest, and use of force against Plaintiff; (f) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the

needs of and protect Plaintiff's rights; (g) the negligent handling of evidence and witnesses; and (h) the negligent communication of information during the incident.

57.    Plaintiff suffered harm, as a direct and proximate result of CITY employees' conduct as alleged above.

58.    CITY is vicariously liable for the wrongful acts of its employees, including Defendant MICHAEL MAYORGA and Defendant DOES 1 through 5, pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

59.    The conduct of CITY employees, including Defendant MICHAEL MAYORGA and Defendant DOES 1 through 5 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages.

60.    Plaintiff seeks economic damages, general and punitive damages, along with reasonable attorney's fees.

### SIXTH CLAIM FOR RELIEF
**Violation of Bane Act (Cal. Civ. Cod §52.1)**
**(Against Defendants CITY, MICHAEL MAYORGA, and DOES 1-5)**

61.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 60 of this Complaint with the same force and effect as if fully set forth herein.

62.    Defendant MICHAEL MAYORGA and DOES 1 through 5 attempted to interfere with and did interfere with the rights of Plaintiff's free speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure, by threatening and committing violent acts.

63.    Plaintiff reasonably believed that if he exercised his rights of  free speech, free expression, free assembly, due process, and to be free from

unreasonable search and seizure, Defendant MICHAEL MAYORGA and Defendant DOES 1-5 would commit violence against him.

64.     Defendant MICHAEL MAYORGA and Defendant DOES 1 through 5 injured Plaintiff to prevent him from exercising his rights of free speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure, and retaliate against him for having exercised his rights of free speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure.

65.     The conduct of Defendant MICHAEL MAYORGA and Defendant DOES 1 through 5 was a substantial factor in causing harm to Plaintiff.

66.     Defendant CITY is vicariously liable for the wrongful acts of Defendant MICHAEL MAYORGA and Defendant DOES 1 through 5 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

67.     The conduct of Defendant MICHAEL MAYORGA and Defendant DOES 1 through 5 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages.

68.     Plaintiff seeks economic damages, general and punitive damages, along with reasonable attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment in his favor and against Defendant CITY, Defendant MICHAEL MAYORGA, and DOES 1 through 5, inclusive, as follows:

1.     For general and special damages under federal and state law, in an amount to be proven at trial;

2.     For punitive damages against the individual defendants in an amount to be proven at trial;

3.     For interest;

4.     For reasonable costs of this suit and attorneys' fees; and

5.     For such further other relief as the Court may deem just, proper, and appropriate.


## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial.


DATE: June 8, 2023                 THE SEHAT LAW FIRM, PLC



By: */s/ **Cameron Sehat***
Attorney for Plaintiff

# EXHIBIT "A"



