UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.L., a minor, by and through his guardian ad litem, JANAE LEWIS.<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BAKERSFIELD, et al.,<br><br>Defendant. | Case No. 1:23-cv-00885-JLT-CDB<br><br>**ORDER GRANTING UNOPPOSED MOTION TO APPOINT GUARDIAN AD LITEM FOR A.L.**<br><br>(Docs. 9, 10,11) |

On June 9, 2023, Plaintiff A.L. filed a complaint against Defendants City of Bakersfield and Michael Mayorga. (Doc. 1). Plaintiff alleges that he was pulled over by Bakersfield Police Department officers after he entered a friends' automobile. *Id*. ⁋ 15. The complaint further alleges that when Plaintiff saw the officers reach for their weapons, he began running in panic. *Id*. ⁋17. As Plaintiff was running from the police, he was tased and tackled. Plaintiff surrendered but was nevertheless tased, kicked, punched, and elbowed on his head and body. *Id*. ⁋ 19. Plaintiff filed his complaint as a minor "by and through his guardian ad litem, Janae Lewis." However, neither Plaintiff's complaint nor any other filing in the case evidenced that such an appointment had actually occurred.

On August 22, 2023, the Court ordered Plaintiff to file an application seeking appointment of Janae Lewis as his guardian ad litem. (Doc. 8). The Court specifically directed Plaintiffs that the application must comply with Local Rule 202, including Local Rule 202(c). *Id*. Currently

before the Court is Plaintiff's second amended motion to appoint his mother, Janae Lewis as his guardian ad litem. (Doc. 11). In the second amended motion, counsel for Plaintiff attests he met and conferred with counsel for Defendant Mayorga, who indicated that he had no objection for the proposed appointment. *Id*. at 2. Because Defendant City of Bakersfield has not yet appeared in this action, the Court construes Plaintiff's second amended motion to be unopposed.

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor or incompetent person may sue or defend on the minor or incompetent person's behalf. Fed. R. Civ. P. 17(c). In addition, a court "must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." *Id*. The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1).

Under California law, an individual under the age of 18 is a minor, and a minor may bring suit if a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. The Court may appoint a guardian ad litem to represent the minor's interests. Cal. Code Civ. P. § 372(a). To evaluate whether to appoint a particular guardian ad litem, the Court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1).

The appointment of the guardian ad litem is more than a mere formality. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). A Court shall take whatever measures it deems appropriate to protect the interests of the induvial during the litigation. *See id*. (noting, "[a] guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation."). The guardian need not possess any special qualifications, but he must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp.3d 1042, 1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)). This means that the guardian cannot carry an impermissible conflict of interest with the ward. Courts also consider the candidate's "experience, objectivity and expertise" or previous relationship with the ward. *Id*. (citations omitted).

Further, the Local Rules of the Eastern District of California provide:

    (a) Appointment of Representative or Guardian.  Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.  *See* Fed. R. Civ. P. 17(c);

    . . . .

    (c) Disclosure of Attorney's Interest. When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.  (E.D. Cal. Local Rule 202).

The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *30.64 Acres of Land*, 795 F.2d at 804.  Fit parents are presumed to act in the best interests of their children. *Troxel v. Granville*, 530 U.S. 57, 66 (2000).  However, "if the parent has an actual or potential conflict of interest with [their] child, the parent has no right to control or influence the child's litigation." *Molesky for J.M. v. Carillo*, No. 1:22-cv-1567-ADA-CDB, 2022 WL 17584396, *1 (E.D. Cal. Dec. 12, 2022) (quoting *Williams v. Super. Ct. of San Diego*, 147 Cal. App.4th 36, 50 (2007)).

DISCUSSION

The initial motion for appointment of guardian ad litem, filed on August 23, 2023, provides that Plaintiff A.L. is sixteen years old.  (Doc. 9 p. 2).  The proposed guardian ad litem, Janae Lewis, represents that she is competent, responsible, able, and willing to serve as the guardian ad litem. (Doc. 9 pp. 2-3).  As A.L.'s parent, Janae Lewis is qualified to understand and protect A.L.'s rights and represents that she has no interests adverse to the minor she seeks to represent.  In the second amended motion (Doc. 11), filed on August 28, 2023, A.L.'s attorney attests to the disclosure of attorney's interest that complies with E.D. Cal. Local Rule 202(c).

Plaintiff's initial motion and second amended motion satisfy the requirements for appointment of guardian ad litem under Fed. R. Civ. P. 17(c) and E.D. Cal. Local Rule 202.

CONCLUSION AND ORDER

For the foregoing reasons, it is HEREBY ORDERED:

1. Plaintiffs' motions to appoint Janae Lewis as guardian ad litem for A.L. (Docs. 9, 10, 11) are GRANTED; and

2. Janae Lewis is appointed to act as guardian ad litem for Plaintiff A.L. and is authorized to prosecute the claims on A.L's behalf.

IT IS SO ORDERED.

Dated:   **August 31, 2023**

UNITED STATES MAGISTRATE JUDGE