UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALORNIA

| | |
|---|---|
| A.L., a minor, by and through his guardian ad litem, JANAE LEWIS,<br><br>       Plaintiff,<br><br>   v.<br><br>CITY OF BAKERSFIELD, et al.,<br><br>       Defendants. | Case No. 1:23-cv-00885-CDB<br><br>ORDER RE: DISCOVERY DISPUTE<br><br>(Doc. 36) |

Currently before the Court is a discovery dispute that the parties have agreed to submit to the Court for adjudication through the Court's informal discovery dispute procedure.

**Background**

Plaintiff A.L., proceeding through his guardian ad litem Jenae Lewis, initiated this action with the filing of a complaint on June 9, 2023.  (Doc. 1).  In the operative first amended complaint, Plaintiff asserts federal civil rights and related state law claims against the City of Bakersfield and Bakersfield Police Department (BPD) officers Jacob Heinsohn, Eric Hearn, Jamie Orozco, Stella Chavez, and Amy Droege ("Defendants"), arising from an encounter between Plaintiff and the BPD officers on or about November 14 or 15, 2022.  (Doc. 30).

On October 6, 2023, the Court held the scheduling conference and issued the operative scheduling order. (Docs. 21, 22). The order detailed the timing of expert disclosures as follows:

"The parties are directed to disclose all expert witnesses, in writing, on or before June 26, 2024, and to disclose all rebuttal experts on or before July 31, 2024. The written designation of retained and non-retained experts shall be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A), (B), and (C) and shall include all information required thereunder." (Doc. 22 at 2).

On June 26, 2024, Plaintiff made expert disclosures, including the disclosure of 11 non-retained expert witnesses. Plaintiff had not previously identified seven of the non-retained expert witnesses in either his Rule 26(a) initial disclosures or in response to Defendants' interrogatories seeking the identification of Plaintiff's health care providers during the preceding ten years. *See* (Doc. 36-1 at Exhibit 2, 4). Plaintiff characterizes the seven non-retained expert witnesses at issue here to be his "treating doctors" in connection with injuries he allegedly sustained during the law enforcement encounter at the center of this litigation. (Doc. 36 at 4). Plaintiff has since withdrawn two of the non-retained experts from his expert disclosure. *Id.*

Defendants argue that the five remaining non-retained experts are untimely noticed under Rule 26(a). Plaintiff argues that "Defendants were aware of these providers and cannot credibly claim to be prejudiced by Plaintiff's identification of them as non-retained experts." *Id.*

On July 19, 2024, the Court held a discovery dispute videoconference via Zoom. (Doc. 38). Jeffrey Mikel appeared on behalf of Plaintiff. Heather Cohen appeared on behalf of Defendants. At the beginning of the conference, the parties agreed to resolution of the identified discovery disputes outside the Local Rule 251 formal parameters, agreed to proceed without record, and agreed to abide by an order of the Court after the conference resolving the dispute. During the conference, Defendants requested that the Court exclude all five of Plaintiff's non-retained experts from offering testimony in this action.

**Governing Legal Standard**

Federal Rule of Civil Procedure 26 provides in relevant part that "[i]n addition to the [initial] disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any [expert] witness it may use at trial." Fed. R. Civ. P. 26(a)(2)(A); *see Gorrell v. Sneath*, No. 1:12-cv-0554-JLT, 2013 WL 4517902, at *1 (E.D. Cal. Aug. 16, 2013). Parties are required to make these expert disclosures "at the times and in the sequence that the court orders." Fed. R. Civ.

P. 26(a)(2)(D).

Separately, pursuant to Rule 26(e)(1)(A), "a party who has made a disclosure under Rule 26(a) - or who has responded to an interrogatory, request for production, or request for admission - must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect...." Fed. R. Civ. P. 26(e)(1)(A).

Under Rule 37(c), a party that "fails to provide information or identify a witness as required by Rule 26(a) or (e)" may not "use that information or witness to supply evidence ... at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed."). "The Advisory Committee Notes describe it as a 'self-executing,' 'automatic' sanction to 'provide[ ] a strong inducement for disclosure of material....'" *Id.* (quoting Fed. R. Civ. P. 37 advisory committee's note (1993)). "Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. 2010) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)). "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or harmless." *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012).

Further, the sanction of evidence exclusion is not mandatory under Rule 37(c)(1). *See Bonzani v. Shinseki*, No. 2:11-CV-0007-EFB, 2014 WL 66529, at *3 (E.D. Cal. Jan. 8, 2014) (finding Rule 37(c)(1) exclusion sanctions are not mandatory, even when the insufficient disclosures are not substantially justified or harmless). A court's decision to exclude evidence is discretionary and the court is given "particularly wide latitude ... to issue sanctions under Rule 37(c)(1)." *Id*.

**Analysis**

Plaintiff's disclosure of the non-retained experts at issue here is not consistent with the requirement that a party supplement incomplete or incorrect disclosures made under Rule 26(a) "in a timely manner." Thus, notwithstanding Plaintiff identified numerous named medical providers in his Rule 26(a) initial disclosures (dated September 13, 2023) and included a general category of "Physicians, doctors, and/or other medical providers" with "TBD" (to be determined) listed for contact information, Plaintiff did not supplement the incomplete disclosure to name the five non-retained expert witnesses in dispute until the day nonexpert discovery closed (June 26, 2024). (Doc. 36-1 at Exhibit 2). Similarly, although Plaintiff responded (on October 23, 2023) to Defendants' interrogatories seeking the identify of Plaintiff's medical providers with a boilerplate objection, he never supplemented the response to identify the five non-retained experts. (Doc. 36-1 at Exhibit 4). During the conference, Plaintiff conceded he had "missed" updating his Rule 26(a) initial disclosures to include the non-retained experts and that he "misinterpreted" the interrogatory seeking information about Plaintiff's past medical providers "too narrowly" as calling for the identification of medical providers unrelated to those rendering services for Plaintiff's injuries sustained in November 2022.

As to one of the five non-retained experts – Dr. Inga Astakhova – Plaintiff concedes that he did not produce any medical records to Defendants identifying the doctor or his facility of employment (Kaiser Permanente) until *after* nonexpert discovery had closed and Dr. Astakhova had been identified in initial expert disclosures. Under the *Lanard Toys* factors (*supra*), the Court finds that excluding Dr. Astakhova is the appropriate sanction. While counsel for Plaintiff's candid concession of his oversight in updating Rule 26(a) initial disclosures and responding to Defendants' interrogatories undercuts a finding of willfulness or bad faith, the oversight nevertheless causes prejudice that cannot be cured. Thus, without having timely notice of Dr. Astakhova or the fact of Plaintiff's treatment at Kaiser Permanent, Defendants are unable to subpoena records, conduct investigation and assess the need for and undertake retention and preparation of rebuttal experts within the existing discovery deadlines. *See* Fed. R. Civ. P. 37(c)(1) (a party who fails to provide required information "is not allowed to use that information or witness

to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.").

However, the sanction of exclusion is not warranted as to the other four non-retained experts as the Court finds their belated disclosure to be largely harmless. In particular, Defendants do not challenge that these non-retained experts were identified in documents produced during discovery and, thus, their notice does not implicate the same type of "surprise" that Dr. Astakhova's notice causes. Because expert discovery remains open for approximately six more weeks and Defendants do not compellingly argue they have been prejudiced beyond remediation, the sanction of excluding these four non-retained experts from offering testimony at trial is unwarranted. *E.g.*, *Krause v. Hawaiian Airlines, Inc*., No. 2:18-cv-00928 JAM AC, 2019 WL 13225251, at *5-6 (E.D. Cal. June 7, 2019) (opting "not to impose exclusionary sanctions in an effort to deter what could be perceived as an attempt to scuttle plaintiff's case on procedural grounds when ample time remained to cure the nondisclosure."); *F.D.I.C. v. Anderson*, No. 2:11-cv-01061-GEB-EFB, 2012 WL 3728160, at *4 (E.D. Cal. Aug. 27, 2012) (noting "deficiencies" in disclosure of non-retained expert but declining to exclude testimony); *Gorrell*, 2013 WL 4517902, at *1 (E.D. Cal. Aug. 16, 2013) (same). However, given the delayed disclosure, the scope of testimony offered by these four non-retained attending physicians shall be limited to the subject matter of their treatment as disclosed in the medical records and to opinions formed in the course of their treatment of Plaintiff. *See Korhonen v. Sentinel Ins. Ltd.*, No. 2:13–cv–00565–RCJ–NJK, 2015 WL 2185365, at *5 (D. Nev. May 8, 2015).

**Conclusion and Order**

For the foregoing reasons and based on the discussion had during the informal discovery dispute conference, it is HEREBY ORDERED that Plaintiff shall be precluded from presenting the testimony of Dr. Inga Astakhova; and

///

///

///

///

5

It is FURTHER ORDERED that any testimony offered by Dr. Agnes Wu, RN Elizabeth Samonte, Dr. Aformia Mesfin, and Dr. Yawen Wang shall be limited to the subject matter of their treatment as disclosed in the medical records and to opinions formed in the course of their treatment of Plaintiff.

IT IS SO ORDERED.

Dated: **July 19, 2024**

_____
UNITED STATES MAGISTRATE JUDGE