UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN LAZOS,<br><br>             Plaintiff,<br><br>      v.<br><br>CITY OF BAKERSFIELD, *et al.*,<br><br>             Defendants. | Case No. 1:23-cv-00885-CDB<br><br>ORDER GRANTING STIPULATED REQUEST TO TERMINATE GUARDIAN AD LITEM AND ADJUST DOCKET<br><br>ORDER DIRECTING CLERK OF THE COURT TO TERMINATE GUARDIAN AD LITEM AND MODIFY THE DOCKET TO IDENTIFY PLAINTIFF BY HIS FULL LEGAL NAME<br><br>(Doc. 56) |

Pending before the Court is the stipulated request of the parties to terminate Plaintiff's guardian ad litem Jenae Lewis and modify the docket to identity Plaintiff by his full legal name, Adrian Lazos. (Doc. 56).

**<u>Legal Standard</u>**

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor or incompetent person may sue or defend on the minor or incompetent person's behalf. Fed. R. Civ. P. 17(c). A court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." *Id*. The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1).

Under California law, an individual under the age of 18 is a minor, and a minor may bring suit if a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. The Court may appoint a guardian ad litem to represent the minor's interests. Cal. Code Civ. P. § 372(a). The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land*, 795 F.2d 796, 804 (9th Cir. 1986.

**Discussion**

In the parties' joint pretrial statement, Defendants represent that "they believe that [] A.L.'s guardian ad litem needs to be terminated due to A.L. reaching the age of majority." (Doc. 51 at 22). The Court discussed this matter with the parties during the pretrial conference (Doc. 52), during which Plaintiff's counsel represented he had no opposition to termination of Plaintiff's guardian ad litem and directing that Plaintiff be identified by his full legal name in this action going forward. Subsequently, in the pretrial order (Doc. 53), the Court ordered Plaintiff to file, within seven days, a stipulated request to terminate the guardian ad litem and modify the docket to use A.L.'s full legal name. Upon notice of settlement of the case (Doc. 54), the Court ordered Plaintiff to file the stipulated request within two days (Doc. 55).

In their timely joint stipulated request (Doc. 56), the parties represent that Plaintiff A.L. was previously a minor in this action who has now reached the age of majority. Accordingly, the Court will grant the parties' stipulated request, terminate Plaintiff's guardian ad litem, and direct the Clerk of the Court to modify the docket to use Plaintiff's full legal name. *See Holt v. County of Orange*, No. 8:19-CV-00297-AG-KES, 2019 WL 13240412, at *1 (C.D. Cal. Feb. 20, 2019) ("Therefore, the Court provisionally appoints Plaintiff Adriana Seneca Holt as guardian ad litem of Plaintiff J.H., to terminate upon his eighteenth birthday.").

*Remainder of This Page Intentionally Left Blank*

**Conclusion and Order**

For the foregoing reasons, it is HEREBY ORDERED:

1. The parties' stipulated request (Doc. 56) is GRANTED.
2. Jenae Lewis is terminated as guardian ad litem for Plaintiff.
3. The caption and contents of all future filings shall identify Plaintiff by his full legal name.
4. The Clerk of the Court is directed to terminate the guardian ad litem and modify the docket to identify Plaintiff by his full legal name, Adrian Lazos, in place of his initials.

IT IS SO ORDERED.

Dated:   **March 20, 2025**

UNITED STATES MAGISTRATE JUDGE